# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HI-TECH PHARMACEUTICALS, INC., a Georgia Corporation, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION FILE NO. 1:16-cv-00949-MHC |
| DYNAMIC SPORTS NUTRITION, LLC d/b/a ANABOLIC RESEARCH, a TEXAS limited liability company; PBB TRADEMARK HOLDINGS, LLC, a TEXAS limited liability company; and BRIAN CLAPP, an individual, | § § § § § § § | |
| *Defendants.* | | |

## DEFENDANTS DYNAMIC SPORTS NUTRITION, LLC'S AND BRIAN CLAPP'S RULE 26 INITIAL DISCLOSURES

Defendants Dynamic Sports Nutrition, LLC ("DSN") and Brian Clapp, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and Local Rule 26.1, hereby makes their initial disclosures as follows:

*1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.*

**Defendants have been correctly identified.**

*2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.*

**None. Defendants do not contend there is a question of misjoinder.**

*3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.*

**Since 2006, DSN has been marketing and selling safe, performance enhancing, dietary supplements under the names D-ANABOL 25, DECA 200, and TREN 75. DSN contends that Plaintiff Hi-tech's claims are barred under the doctrine of laches based on this length of time. DSN further contends that there is a rebuttable presumption of no likelihood of confusion due to the length of time DSN has been using the relevant marks in commerce and the absence of any instances of actual confusion.**

**In addition to its excessive delay in bringing its claims, DSN contends that Plaintiff Hi-Tech's DIANABOL Mark is an unenforceable generic name, and, in any event, Hi-Tech abandoned any trademark rights it might have had due both to a lengthy period of failing to prosecute claims against third-party infringers and to its own non-use of the mark. Even if Hi-Tech's DIANABOL Mark were enforceable, which it is not, DSN contends there is no likelihood of**

**confusion between DIANABOL and D-ANABOL 25. DSN has used its D-ANABOL 25 Mark continuously for nearly a decade, yet Hi-Tech has failed to adduce evidence of even one instance of actual confusion. Hi-Tech's false advertising, Georgia civil RICO, and related state-law claims are equally devoid of merit. Garden variety trademark infringement and false advertising claims cannot be used to establish the "fraud" requirement for the mail and wire fraud predicate acts under civil RICO. If they could, every Lanham Act case would also be a RICO case because every modern business uses the mails and the wires. That is simply not the law. Moreover, there is no evidence that any consumer was deceived by any of DSN's advertisements.**

*4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.*

> **15 U.S.C. § 1125;**
>
> *Amstar Corp. v. Domino's Pizza, Inc.*, **615 F.2d 252, 259-60 (5th Cir. 1980);**
>
> **18 U.S.C. § 1964;**
>
> **O.C.G.A. § 16-14-4(a);**
>
> *Morast v. Lance*, **631 F. Supp. 474, 481 (N.D. Ga. 1986), aff'd, 807 F.2d 926 (11th Cir. 1987).**

3

*5. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:*

(a)     **Brian Clapp – contact through defense counsel only;**

(b)     **Barry Clapp – contact through defense counsel only;**
(c)     **Justin Edwards – contact through defense counsel only;**

(d)     **Lacy Boyd – contact through defense counsel only;**

(e)     **Jared Wheat – contact through plaintiff's counsel only;**

(f)     **Sergio Oliveira – 361 Caldwell Lane; Hoschton, GA 30548;678-630-2346; and**

(g)     **Other current and/or former employees of Plaintiff to be contacted through plaintiff's counsel only.**

*6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)*

**Defendants have not yet determined who, if anyone, may be used at trial to present expert evidence. Defendants will supplement this response as it becomes appropriate to do so.**

*7. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:*

4

(a) **communications, including e-mail, to/from Jared Wheat regarding any fact or circumstances relevant to the claims and defenses in this lawsuit;**

(b) **advertising and marketing materials of both parties related to any at-issue products;**

(c) **product labels of both parties related to any at-issue product;**

(d) **consumer communications received by both parties related to any at-issue product;**

(e) **records related to formulation and manufacture of any at-issue product; and**

(f) **Defendants reserve the right to supplement this list as it becomes appropriate to do so.**

*8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

**None other than attorney's fees that continue to accrue.**

*9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.*

**None.**

5

*10. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:*

    **None.**

 Respectfully submitted this 19th day of July, 2016.

                                             s/ **Jamie P. Woodard**
                                             Jamie P. Woodard
                                             Georgia Bar Number: 775792

477 S. Howard St. SE
Atlanta, GA 30317
(404) 387-2330
Ponderlaw79@gmail.com