# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., )<br>a Georgia corporation, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>DYNAMIC SPORTS NUTRITION, LLC )<br>d/b/a/ ANABOLIC RESEARCH, )<br>a Texas Limited Liability Company; )<br>PBB TRADEMARK HOLDINGS, LLC, )<br>a Texas Limited Liability Company, and )<br>BRIAN CLAPP, an individual, )<br>      Defendants. ) | CIVIL ACTION FILE NO.<br>1:16-CV-00949-MHC |

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DYNAMIC SPORTS NUTRITION, LLC**

COMES NOW, the Defendant, Dynamic Sports Nutrition, LLC, d/b/a Anabolic Research, in the above-styled matter, by and through the undersigned counsel, and respectfully submits the following responses to *Plaintiff's First Request for Production of Documents to Dynamic Sports Nutrition, LLC*, using the same numbering system, as follows:

CONDITIONS

1. These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

1

      a.    All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

      b.    The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

      c.    The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these Request For Production; and

      d.    The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

2.    All responses to Request for Production are based on Defendant's best understanding of the Request for Production and/or the terms used therein.  Such responses cannot properly be used as evidence except in the context in which Defendant understood the Request for Production and/or the terms used therein.

3.    These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

RESPONSES

**REQUEST NO. 1: All documents Defendant intends to rely upon or use, in any manner, in this litigation.**

Response: DSN objects to this request on the ground that it is overly broad and unduly burdensome insofar as it simply seeks "all documents" to be used in any manner. DSN believes this request is most likely satisfied by its responses to subsequent requests, but general requests for "all documents" are too vague to be responded to.

**REQUEST NO. 2: All documents identified and/or relied upon in Defendant's responses to Plaintiff's First Interrogatories.**

Response: None other than DSN's websites, which are publicly accessible and equally available to Plaintiff pursuant to Rule 34(c).

**REQUEST NO. 3: All documents contained in the categories identified in Defendant's Initial Disclosures in this litigation.**

Response: Brian Clapp's e-mails with Jared Wheat have already been produced and are necessarily already in Plaintiff's possession. See response to Request No. 2 above regarding DSN's websites. Plaintiff's website is equally accessible and available to Plaintiff.

**REQUEST NO. 4: All documents relating to any instances of actual consumer confusion as to source, likelihood of consumer confusion as to source, or mistake or deception as to source in connection with the D-ANABOL 25 product.**

Response: None.

**REQUEST NO. 5: All documents relating to the creation, consideration, design, development, selection, adoption, or first use of the D-ANABOL 25 mark on any product.**

3

Response: None other than those that have already been produced or are in the public record of the USPTO.

**REQUEST NO. 6: All documents relating to Defendant's enforcement of its alleged trademark rights in the D-ANABOL 25 mark.**

Response: DSN will produce all non-privileged, responsive documents.

**REQUEST NO. 7: All documents relating to Defendant's contention that Plaintiff's DIANABOL® is generic.**

Response: None other than those that have already been filed in the record of the case as part of DSN's Response to Plaintiff's Motion for Temporary Restraining Order.

**REQUEST NO. 8: All documents relating to Defendant's contention that Plaintiff abandoned the DIANABOL® trademark.**

Response: None other than those that have already been filed in the record of the case as part of DSN's Response to Plaintiff's Motion for Temporary Restraining Order.

**REQUEST NO. 9: All correspondence, not already produced, between Defendant and Plaintiff and/or Jared Wheat.**

Response: None.

**REQUEST NO. 10: Produce all documents relating to the geographic areas where Defendant's D-ANABOL product is sold, marketed, or promoted and the length of time each product or service has been sold, marketed, or promoted in each area.**

Response:  DSN'S D-ANABOL 25 product has been sold, marketed, and promoted nationwide since 2006.  DSN does not have more specific geographic data.

4

**REQUEST NO. 11:** Produce all documents concerning the circumstances under which Defendant first became aware of Plaintiff's use of DIANABOL® and any later meeting or communication in which Defendant was involved concerning Plaintiff's use of DIANABOL®.

Response: None other than those that are part of the public record of the USPTO.

**REQUEST NO. 12:** Produce all documents concerning any actual or possible confusion, mistake, deception, or association of any kind, including inquiries about the same, between Plaintiff or its DIANABOL® product and Defendant or its D-ANABOL 25 product.

Response: None.

**REQUEST NO. 13:** Produce all documents relating to any formal or informal trademark searches or investigations concerning Plaintiff's DIANABOL® trademark or Defendant's D-ANABOL 25 mark.

Response: DSN began using the D-ANABOL 25 Mark in 2006. DSN does not

have documents from that far back in time.

**REQUEST NO. 14:** Produce any and all documents relating to Defendant's application for a trademark similar to D-ANABOL 25 mark and/or DIANABOL®.

Response: DSN has no non-privileged documents responsive to this request other

than those that are part of the public record of the USPTO.

**REQUEST NO. 15:** All documents relating to any formal or informal market studies, surveys, polls, focus groups, or other studies concerning Defendant's D-ANABOL 25 mark or product.

Response: None.

**REQUEST NO. 16:** All documents relating to any survey, poll, study, or other information in your possession concerning the issues of whether DIANABOL® is generic, whether DIANABOL® is distinctive, or whether

**there is a likelihood of confusion between Defendant's D-ANABOL 25 and Plaintiff's DIANABOL®.**

Response: None.

**REQUEST NO. 17: Produce all documents concerning any application by Defendant to register D-ANABOL 25 or any similar mark as a trade or service mark with any governmental authority both in the U.S. and abroad.**

Response:  None other than those that are part of the public record of the USPTO.

**REQUEST NO. 18: Produce all representative specimens of each label, container, trade dress, wrapper, packaging, letterhead, sign, catalog, brochure, web page or other document used to advertise, promote, sell, or otherwise commercialize any of Defendant's Subject Products.**

Response:    DSN's webpages are publicly accessible and equally available to Plaintiff.  Representative specimens of labels are being produced herewith.

**REQUEST NO. 19: Produce all documents relating to the channels of trade through which Defendant's Subject Products are sold, marketed or promoted.**

Response: DSN objects to this request on the ground that it is vague and ambiguous insofar as its use of the term "relating to."  DSN markets and sells its products exclusively via the Internet and its websites.

**REQUEST NO. 20: Produce all documents relating to the types of customers to whom Defendant sells, markets, or promotes Defendant's Subject Products.**

Response:    DSN objects to this request on the ground that it is vague and ambiguous insofar as it uses the term "types of customers."  DSN does not collect demographic data about the race, sex, age, religion, ethnicity, etc. of its customers.

Response:   DSN is producing available data for the previous five (5) years.

**REQUEST NO. 25: Produce all documents concerning Defendant's past, present, and future plans to advertise, market, sell, or promote Defendant's Subject Products.**

Response:   None other than DSN's websites themselves.  DSN does not have any written marketing plan.

**REQUEST NO. 26: Produce all documents concerning Plaintiff, its DIANANOL product, or Jared Wheat.**

Response:   None other than those that have previously been produced or are part of the public record of the USPTO.

**REQUEST NO. 27: Produce all documents concerning Defendant's yearly expenditures to date and planned future expenditures corresponding to each type of advertising and promotion used for Defendant's Subject Products.**

Response:   Responsive documents are being produced in response to Request No. 23.

**REQUEST NO. 28: Produce all documents concerning any objection, litigation, proceeding, or dispute in connection with Defendant's marketing or sale of Defendant's Subject Products.**

Response:    DSN objects to this request as worded insofar as it seeks the production of attorney-client privileged and/or attorney work product.  DSN further objects insofar as this request is overbroad as worded and could be interpreted to seek the complete files of prior litigation or non-litigation matters. Documents have been withheld because of these objections.

Response:     None at this time. DSN will supplement this response when such documents are available.

**REQUEST NO. 39: The resume of any expert that you expect to call as a witness at the trial in this case.**

Response:     DSN has not yet determined who, if anyone, it will call as an expert witness at the trial of this case. DSN will supplement this response as it becomes appropriate to do so.

**REQUEST NO. 40: All documents relating to this matter and/or the underlying facts of this matter that have been or will be provided to any consultant or expert.**

Response:     None at this time.

**REQUEST NO. 41: All communications between any expert or consultant and you or your counsel relating to this matter and/or the underlying facts of this matter.**

Response:     DSN objects to this request insofar as it seeks attorney-client privileged and/or work product privileged documents and information.

    SUBMITTED this 25 day of August, 2016.

                         **KITCHENS NEW CLEGHORN, LLC**

                         /s/ Jamie Woodard
                         **JAMIE WOODARD, ESQ.**
                         Georgia Bar No. 775792
                         *Attorney for Dynamic Sports Nutrition, LLC*
                         Kitchens New Cleghorn, LLC